180 So. 544

### WEEKS v. WALLS.

8 Div. 854.

Supreme Court of Alabama.

April 14, 1938.

Proctor & Snodgrass, of Scottsboro, for appellant.

Wm. C. Rayburn, of Guntersville, for appellee.

THOMAS, Justice.

The bill prayed that on the final hearing of this cause "your Honor will decree the title to the land described in said bill of complaint to be in complainant and forever enjoin the defendant or anyone holding under him from claiming or interfering in anyway with his title to said land."

The answer to the bill was made a cross-bill, and averred that the exact boundary line between the lands of complainant and respondent has never been definitely fixed or established, and concluded with the prayer that: "By proper decree (the court) will fix and definitely establish the boundary line between the land belonging to your respondent and the land belonging to said complainant on the South and East side of the old Guntersville and Scottsboro road in the S. W. 1/4 of the S. E. 1/4, Section 22, Township 6, Range 4 East, and that, if need be, a competent surveyor be employed under orders and directions of this court, to fix and establish said boundary line."

The testimony was by oral examination before the register, and based thereupon, on petition to the court, an order was made to prevent trespass or removal of certain im-

provements on the land pending consideration by the court, and to preserve the status quo thereof until a final decree was entered.

The cause being submitted for final decree on the respective pleadings, original bill, answer, and cross bill, and answer thereto, and upon the proof noted by the register, it was decreed:

" * * * That the title, ownership and possession of complainant to all that part of the South west fourth of the South east fourth of Section twenty two (22) Township Six (6) Range four (4) East lying south and east of the old Guntersville and Scottsboro road be and the same is hereby quieted in the complainant S. J. Walls and as to said lands described above and in the bill the old Guntersville and Scottsboro road be and is hereby declared to be and is fixed as the line between the complainant Walls and the defendant Lum Weeks.

" * * * That defendant Lum Weeks has no right or interest legal or equitable in or to said lands and the said Lum Weeks and all persons who may hereafter claim under him are hereby forever enjoined from interfering with said lands or claiming any interest legal or equitable therein.

" * * * That the cross bill of said Lum Weeks be and is hereby dismissed in all aspects thereof except that asking that the line be defined and fixed and this is done in the foregoing portion of this decree."

The insistence of appellant (respondent in original bill and complainant in the cross-bill asking establishment of boundary line) is that the disputed lands were held by a scrambling possession upon the part of both parties, which was insufficient in law to defeat or confer title.

In Brookside-Pratt Mining Co. v. Wright et al., 234 Ala. 70, 173 So. 605, the authorities are collected to the effect that to recover in a statutory action to quiet title to land, complainant must allege and prove that, at the institution of suit, complainant's possession of the land in question was peaceable, as distinguished from disputed or contested possession, and that it was held under claim of ownership. Such is the requirement of the statute, Code of 1923, § 9905, and the decisions of this court.

The cross-bill of respondent invoked the jurisdiction of the court as to the determination and establishment of disputed boundary lines, and this relief sought was not to be affected by the character of the respective possessions. The court, having been so invoked by respondent, declared, as we have indicated, in favor of the original complainant's insistence.

The question of establishment and definition of lines between contiguous or coterminous properties was recently the subject of consideration in Harris v. Harris, 177 So. 330, ante, p. 89, and the authorities therein cited apply with equal force and effect to the case here under consideration.

The law that obtains to such cases need not now be restated. It is sufficient to say that the evidence has been considered. The county, improving the public road, found a curve about a hill at or near these properties, and Mr. Whitaker, the overseer of such construction, desiring to straighten the road, consulted the parties. It was agreed that the land on the upper side of the road would go to the appellee, and that on the other side of the road, as constructed, would be the property of appellant, and that the respective tracts equalized the holdings of the parties, and a contract, making the new road the line, was signed by the respective parties. This agreement of the parties was accepted and confirmed by the trial court in the establishment of the dividing line between them.

We find no reversible error has intervened in the trial of the cause or in the rendition of the decree from which the appeal is prosecuted. The judgment, therefore, of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.